[877 NYS2d 719]

In the Matter of CHARLES J. GALLAGHER, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 24, 2009

## APPEARANCES OF COUNSEL

*Susan M. Eagan, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 7, 1986 and formerly maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his neglect of client matters. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. The Referee filed a report based upon the stipulation, which the Grievance Committee moves to confirm.

The Referee found that respondent neglected the matters of three clients and failed to respond to inquiries made by the Grievance Committee regarding client complaints.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

We have considered the matters submitted by respondent in mitigation, including that he has closed his law office and no longer engages in the private practice of law and that, at the time of the misconduct, he suffered from serious health problems. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of censure entered.